Joseph MAIORANI, Appellant,

v.

KAWASAKI KISEN K. K., KOBE, Appellee and Cross-Appellant,

v.

PITTSTON STEVEDORING CORPORATION, Appellee.

No. 479, Docket 33487.

United States Court of Appeals, Second Circuit.

Submitted Jan. 21, 1970.

Decided Jan. 30, 1970.

Certiorari Denied June 22, 1970. See 90 S.Ct. 2200

Jacob Rassner, New York City (Bernard Shafter, New York City, of counsel), for appellant.

Daniel J. Dougherty, New York City (Kirlin, Campbell & Keating, and James R. Campbell, New York City, of counsel), for appellee and cross-appellant.

Joseph Grainger, New York City, (Foley, Grainger & Darby, New York City, of counsel), for appellee.

Before MOORE, FRIENDLY and HAYS, Circuit Judges.

PER CURIAM:

Plaintiff, a longshoreman, appeals from orders dismissing his personal injury action against a shipowner for want of prosecution and refusing to set

the dismissal aside. The facts that occasioned the dismissal are stated in detail in an opinion of Judge MacMahon; we limit ourselves to the essentials:

The injury occurred in March, 1963. Action was brought on October 21, 1965. A pretrial order was entered on August 8, 1968, and the case was placed on the ready calendar. Commencing February 5, 1969, the case appeared in the New York Law Journal as in the jury trial pool, below a notice warning that "this calendar moves very rapidly" and that "attorneys are directed to be ready to proceed to trial upon a telephone call from the Deputy Clerk." See Calendar Rule 8(b). When the case had advanced to Number 3, plaintiff's lead counsel, Jacob Rassner, Esq., applied on March 21 for an adjournment because he would be engaged in litigation outside the United States from March 24 to March 31. Upon a stipulation that an order might be entered adjourning the action "to April 15, 1969, to hold its place on the Ready Day Calendar of the Civil Trial Pool * * *," the judge in charge of the jury trial pool granted the application, and the deputy clerk advised counsel that the case would be tried on April 15 or very shortly thereafter. The deputy clerk telephoned them at 10:00 A. M. on April 15 and directed them to appear for trial at 11:30 A.M. The case was called at 12:15 P.M.; counsel for the shipowner and the impleaded stevedore were present and ready. An attorney from Mr. Rassner's office sought a two-day adjournment because Mr. Rassner had gone to Mobile, Alabama, to take a deposition in another case. When the judge indicated that plaintiff must proceed or have his action dismissed, the attorney stated he was not prepared to try the case. There followed an order of dismissal, which the judge later declined to vacate.

■■ On these facts we perceive no abuse of discretion by the trial judge, quite apart from his further finding that a review of the files showed there were other attorneys who had acted for plaintiff and could have conducted the trial.

Counsel, who had been once accorded the courtesy of an adjournment because of a conflicting professional engagement, was on notice that the action would be reached for trial on April 15 or shortly thereafter. He deliberately absented himself without any request for a further adjournment under Calendar Rule 7(b) (1). When a case has reached this stage, counsel cannot make himself unavailable, even temporarily, without providing a stand-by, as the trial judge thought he in fact had done. Opposing counsel, their witnesses, and parties to other cases awaiting trial have rights too, and the client is not without a remedy. Link v. Wabash R.R., 370 U.S. 626, 634 n. 10, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

Affirmed.